| COVER SHEET<br>Civil Case Filing Form<br>*(To be completed by Attorney/Party<br>Prior to Filing of Pleading)* | Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|---|
| | 2 4 | 2 | C I | 2 0 1 4 | 0 0 0 3 7 |
| | County # | Judicial<br>District | Court ID<br>(CH, CI, CO) | | |
| | | | | | Local Docket ID |
| Mississippi Supreme Court        Form AOC/01<br>Administrative Office of Courts        (Rev 2009) | 0 3 0 5 1 4 | | | | |
| | Month    Date    Year<br>This area to be completed by clerk | | | | Case Number if filed prior to 1/1/94 |

In the CIRCUIT ▼ Court of HARRISON ▼ County — SECOND ▼ Judicial District

**Origin of Suit (Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

X Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency  HARRISON COUNTY UTILITY AUTHORITY

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff  10271 Express Drive, Gulfport, MS  39503

Attorney (Name & Address)  T. Russell Nobile        MS Bar No. 100682

___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: *[signature]*

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |
|---|---|---|---|---|

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business  Phillips & Jordan, Inc.,
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

___ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known _____        MS Bar No. _____

**Damages Sought:**   Compensatory $ _____   Punitive $ _____   Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| [ ] Child Custody/Visitation | [ ] Accounting (Business) | [ ] Adoption - Contested | [ ] Adverse Possession |
| [ ] Child Support | [ ] Business Dissolution | [ ] Adoption - Uncontested | [ ] Ejectment |
| [ ] Contempt | [ ] Debt Collection | [ ] Consent to Abortion Minor | [ ] Eminent Domain |
| [ ] Divorce:Fault | [ ] Employment | [ ] Removal of Minority | [ ] Eviction |
| [ ] Divorce: Irreconcilable Diff. | [ ] Foreign Judgment | [ ] Other _____ | [ ] Judicial Foreclosure |
| [ ] Domestic Abuse | [ ] Garnishment | **Civil Rights** | [ ] Lien Assertion |
| [ ] Emancipation | [ ] Replevin | [ ] Elections | [ ] Partition |
| [ ] Modification | [ ] Other _____ | [ ] Expungement | [ ] Tax Sale: Confirm/Cancel |
| [ ] Paternity | **Probate** | [ ] Habeas Corpus | [ ] Title Boundary or Easement |
| [ ] Property Division | [ ] Accounting (Probate) | [ ] Post Conviction Relief/Prisoner | [ ] Other _____ |
| [ ] Separate Maintenance | [ ] Birth Certificate Correction | [ ] Other _____ | **Torts** |
| [ ] Termination of Parental Rights | [ ] Commitment | **Contract** | [ ] Bad Faith |
| [ ] UIFSA (eff 7/1/97; formerly URESA) | [ ] Conservatorship | [X] Breach of Contract | [ ] Fraud |
| [ ] Other _____ | [ ] Guardianship | [ ] Installment Contract | [ ] Loss of Consortium |
| **Appeals** | [ ] Heirship | [ ] Insurance | [ ] Malpractice - Legal |
| [ ] Administrative Agency | [ ] Intestate Estate | [ ] Specific Performance | [ ] Malpractice - Medical |
| [ ] County Court | [ ] Minor's Settlement | [ ] Other _____ | [ ] Mass Tort |
| [ ] Hardship Petition (Driver License) | [ ] Muniment of Title | **Statutes/Rules** | [ ] Negligence - General |
| [ ] Justice Court | [ ] Name Change | [ ] Bond Validation | [ ] Negligence - Motor Vehicle |
| [ ] MS Dept Employment Security | [ ] Testate Estate | [ ] Civil Forfeiture | [ ] Product Liability |
| [ ] Worker's Compensation | [ ] Will Contest | [ ] Declaratory Judgment | [ ] Subrogation |
| [ ] Other _____ | [ ] Other _____ | [ ] Injunction or Restraining Order | [ ] Wrongful Death |
| | | [ ] Other _____ | [ ] Other _____ |

Case: 24CI2:14-cv-00037   Document #: 1-1   Filed: 03/05/2014   Page 1 of 1

 **CT Corporation**

**Service of Process
Transmittal**
03/18/2014
CT Log Number 524597714

**TO:**   Connie H Nichols, Corporate Secretary
Phillips & Jordan, Incorporated
10201 Parkside Drive, Suite 300
Knoxville, TN 37922

**RE:**   **Process Served in Mississippi**

**FOR:**   Phillips & Jordan, Incorporated (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Harrison County Utility Authority (HCUA), Pltf. vs. Phillips & Jordan, Inc., Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Contract(s), Attachment(s), Certificate(s), Affidavit(s) |
| **COURT/AGENCY:** | Harrison County Circuit Court - Second Judicial District, MS Case # A24021437 |
| **NATURE OF ACTION:** | Plaintiff suffered damages due to defendant's breach of contract - seeking damages and equitable relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/18/2014 at 09:00 |
| **JURISDICTION SERVED :** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of delivery of summons and complaint |
| **ATTORNEY(S) / SENDER(S):** | James C. Simpson Jr. 1105 30th Avenue Suite 300 Gulfport, MS 39501 228-867-7141 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 798261343408 Image SOP Email Notification, Connie H Nichols CNICHOLS@PANDJ.COM Email Notification, Cindy Edmonson cedmonson@pandj.com |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Amy McLaren 645 Lakeland East Drive Suite 101 Flowood, MS 39232 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of  1 / PS

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal
opinion as to the nature of action, the amount of damages, the
answer date, or any information contained in the documents
themselves. Recipient is responsible for interpreting said
documents and for taking appropriate action. Signatures on
certified mail receipts confirm receipt of package only, not
contents.

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

HARRISON COUNTY UTILITY AUTHORITY                                      PLAINTIFF

VERSUS                                      CIVIL ACTION NO. *A ∠4I2-14-37*

PHILLIPS & JORDAN, INC.                                      DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   Phillips & Jordan, Inc.
      Registered Agent: C.T. Corporation System
      645 Lakeland East Drive, Suite 101
      Flowood, MS 39232

### NOTICE TO DEFENDANT

You are hereby commanded to serve this Summons and a copy of the Complaint in
this action upon Phillips & Jordan, Inc., (A) promptly locating the said Defendant and handing to
him a copy of this Summons and Complaint, or (B) in the event you are unable to so proceed
because the Defendant cannot be found by leaving a copy of the Summons and Complaint at the
Defendant's usual place of abode with his/her spouse or some other person of the Defendant's
family above the age of sixteen years of age and who is wiling to receive same, or (C) by such other
means by law.

### NOTICE TO DEFENDANT
#### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS

You are required to mail or hand-deliver a copy of a written Answer either admitting or
denying each allegation in the Complaint to James C. Simpson, Jr., or T. Russell Nobile, the
Attorneys for the Plaintiff(s) WISE CARTER CHILD & CARAWAY, P.A., whose address is 1105 30th
Avenue, Suite 300, Gulfport, Mississippi 39501. THIS ANSWER MUST BE MAILED OR
DELIVERED WITHIN 30 DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND
COMPLAINT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE
MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

You must also file the original of your Answer with the Clerk of the Circuit Court within a
reasonable time afterward.  Not to exceed thirty (30) days from the date of service of writ.

GAYLE PARKER, CIRCUIT COURT CLERK

BY:   _____
      DEPUTY CLERK
      3/5/2014

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

HARRISON COUNTY UTILITY
AUTHORITY (HCUA)                                               PLAINTIFF

V.                                    CIVIL ACTION NO. _A. ²⁴ø₂-₁₄ -37_

PHILLIPS & JORDAN, INC.                                        DEFENDANTS.

---

### COMPLAINT

---

The Harrison County Utility Authority ("HCUA") files this lawsuit against Phillips
& Jordan, Inc. ("P&J"). The HCUA seek damages and equitable relief.

### JURISDICTION AND VENUE

1.      The Circuit Court for Harrison County, Mississippi is the proper venue for this
action.  Miss. Code Ann. § 11-1-3.

2.      This Court has jurisdiction over this matter Miss. Code Ann. § 9-7-81.

### PARTIES

3.      The HCUA is a political subdivision of the State of Mississippi and is located
in Harrison County. The HCUA is organized pursuant to the Mississippi Gulf Coast Region
Utility Act of 2006, Miss. Code Ann. § 49-17-701 et seq. The HCUA is authorized to proceed
in this action.

4.      P&J Inc. is a foreign corporation registered to do business in the State of
Mississippi, that, among other things, provides construction services and may be served
with process of law through its registered agent for service of process in Mississippi, C.T.
Corporation System, 645 Lakeview East Dr., Ste 101, Flowod, MS 39232.



FILED
MAR 05 2014
GAYLE PARKER
CIRCUIT CLERK,
BY _____ D.C.

## ALLEGATIONS

5.      Following Hurricane Katrina, the State of Mississippi received Community Development Block Grant (CDBG) from the federal government to facilitate numerous improvements and repairs to the utility infrastructure along the Mississippi Gulf Coast.

6.      The HCUA, as a state agency, was tasked with constructing infrastructure projects throughout Harrison County, including inside the municipal boundaries of the City of d'Iberville.

7.      Project S22 called for Waterfront Wastewater System Improvements in the City of d'Iberville, Mississippi (S22). Specifically, this project involved the installation of a gravity-flow sanitary sewer collection system and pressurized sanitary sewer force main along Racetrack Road in d'Iberville.

8.      The HCUA contracted with Defendant P&J who served as the construction contractor on S22. See Exhibit 1, Contract.

9.      The project was substantially complete on or about May 25, 2010.

10.     After substantial completion, D'Iberville received numerous complaints regarding significant asphalt failures at the intersection of Pringle Avenue and Racetrack Road.

11.     On several occasions, D'Iberville attempted to mitigate and correct these failures.

12.     Despite D'Iberville's best efforts, the failures were causing recurring problems at the intersection. The recurrence of these failures led the HCUA and D'Iberville to investigate the origin of these failures.

13.     Through the course of the investigation, D'Iberville and the HCUA

-2-

## ALLEGATIONS

5.      Following Hurricane Katrina, the State of Mississippi received Community Development Block Grant (CDBG) from the federal government to facilitate numerous improvements and repairs to the utility infrastructure along the Mississippi Gulf Coast.

6.      The HCUA, as a state agency, was tasked with constructing infrastructure projects throughout Harrison County, including inside the municipal boundaries of the City of d'Iberville.

7.      Project S22 called for Waterfront Wastewater System Improvements in the City of d'Iberville, Mississippi (S22).  Specifically, this project involved the installation of a gravity-flow sanitary sewer collection system and pressurized sanitary sewer force main along Racetrack Road in d'Iberville.

8.      The HCUA contracted with Defendant P&J who served as the construction contractor on S22.   See Exhibit 1, Contract.

9.      The project was substantially complete on or about May 25, 2010.

10.     After substantial completion, D'Iberville received numerous complaints regarding significant asphalt failures at the intersection of Pringle Avenue and Racetrack Road.

11.     On several occasions, D'Iberville attempted to mitigate and correct these failures.

12.     Despite D'Iberville's best efforts, the failures were causing recurring problems at the intersection.  The recurrence of these failures led the HCUA and D'Iberville to investigate the origin of these failures.

13.     Through the course of the investigation, D'Iberville  and the HCUA

-2-

determined that the construction of S22 was deficient and substandard.

14.     With respect to the failures at the intersection, the investigation unearthed that, among other things, P&J used unacceptable backfill, improperly buried debris, and did not adequately compact materials.

15.     Further, the investigation revealed multiple other instances of deficient and substandard work at the intersection that also failed to comply with the contract documents and specifications, or with the state law and regulations.

16.     The final construction of S22 does not conform to either the specifications or design documents for the project.

17.     The final construction of S22 does not conform with the work as depicted in the as-built drawings.

18.     After evaluating the cause of the failures, the HCUA and D'Iberville determined there were multiple conflicts with existing utilities in the project area. For example, the sewer force main was installed too close to potable water lines in violation of Mississippi Department of Health regulations.

19.     The HCUA and D'Iberville incurred significant expense repairing and remedying P&J's substandard work.

20.     P&J failed to perform and complete its work in accordance with state law and regulations, as required by contract.

## COUNT ONE: BREACH OF CONTRACT

21.     All the facts and allegations listed above are hereby incorporated by reference.

-3-

22. By failing to construct and complete the project in accordance with the terms of the agreement and intended design of the parties P&J breached the express terms, conditions, requirements and warranties contained in the Construction Contract agreement between the parties.

23. As a direct and proximate result of the actions of Defendant as alleged, Plaintiff has suffered substantial damages for which it is entitled to be compensated by Defendant. The amount of such damages is alleged to be in excess of the jurisdictional limits of this court, and will be proven at trial.

## COUNT TWO: BREACH IMPLIED WARRANTIES

24. All the facts and allegations listed above are hereby incorporated by reference.

25. P&J breached the implied warranties related to S22 as provided under Mississippi law.

26. As a direct and proximate result of the actions of Defendant as alleged, Plaintiff has suffered substantial damages for which it is entitled to be compensated by Defendant. The amount of such damages is alleged to be in excess of the jurisdictional limits of this court, and will be proven at trial.

## COUNT THREE: NEGLIGENT CONSTRUCTION AND BREACH OF IMPLIED WARRANTY OF WORKMANLIKE CONSTRUCTION

27. All the facts and allegations listed above are hereby incorporated by reference.

28. P&J negligently constructed S22 and failed to construct the project in a workmanship-like fashion.

29. As a direct and proximate result of the actions of Defendant as alleged, Plaintiff has suffered substantial damages for which it is entitled to be compensated by

Defendant. The amount of such damages is alleged to be in excess of the jurisdictional limits of this court, and will be proven at trial.

## COUNT FOUR: DEFECTIVE CONSTRUCTION

30.   All the facts and allegations listed above are hereby incorporated by reference.

31.   P&J constructed S22 in a defective manner.

32.   As a direct and proximate result of the actions of Defendant as alleged, Plaintiff has suffered substantial damages for which it is entitled to be compensated by Defendant. The amount of such damages is alleged to be in excess of the jurisdictional limits of this court, and will be proven at trial.

## COUNT FIVE: NEGLIGENT MISREPRESENTATION

33.   All the facts and allegations listed above are hereby incorporated by reference.

34.   P&J negligently misrepresented its work on S22.

35.   Specifically, P&J (1) misrepresented or omitted facts related to this project; (2) such misrepresentation or omission was material or significant; (3) P&J failed to exercise that degree of diligence and expertise the public is entitled to expect of it; (4) that the HCUA and the City of D'Iberville reasonably relied upon the misrepresentation or omission; and (5) HCUA suffered damages as a direct and proximate result of such reasonable reliance

36.   As a direct and proximate result of the actions of Defendant as alleged, Plaintiff has suffered substantial damages for which it is entitled to be compensated by Defendant. The amount of such damages is alleged to be in excess of the jurisdictional limits of this court, and will be proven at trial.

**WHEREFORE**, the Plaintiff asks that process be issued in this matter, and that after all necessary and proper proceedings herein, Plaintiff be granted the following relief:

(1)     All damages incurred as a result of the breaches described above including, but not limited to, costs and expenses arising from all repairs and any other amount proven at trial;

(2)     Any injunctive relief proven necessary through the course of proceedings;

(3)     Plaintiff's costs and attorneys fees; and

(4)     For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this the 5ᵗʰ of _March_, 2014.

                                    HARRISON COUNTY UTILITY AUTHORITY

By:     _James Nobile_

                                    JAMES C. SIMPSON JR. (MS BAR NO. 6810)
                                    T. RUSSELL NOBILE (MS BAR NO. 100682)
                                    1105 30ᵗʰ Avenue, Suite 300
                                    Gulfport, Mississippi 39501
                                    Tel:    (228) 867-7141
                                    jcs@wisecarter.com
                                    trn@wisecarter.com
                                    ATTORNEYS FOR HARRISON COUNTY
                                    UTILITY AUTHORITY

-6-